UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**FILED**
MAR 28 2024
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                            INDICTMENT NO. 6:24-CR-016-CHB

KHALIL MIKIEAL WASHINGTON

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about April 4, 2023, in Laurel County, in the Eastern District of Kentucky,

**KHALIL MIKIEAL WASHINGTON**

did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before Defendant Khalil Mikieal Washington committed the offense charged in this count, he was previously convicted under federal law of the following serious drug felony offense: 2017 conspiracy to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack) – for which he served more than 12 months of imprisonment and for which he was released from serving any term of

imprisonment related to that offense within 15 years from the commencement of the instant offense.

## COUNT 2
## 18 U.S.C. § 924(c)

On or about April 4, 2023, in Laurel County, in the Eastern District of Kentucky,

### KHALIL MIKIEAL WASHINGTON

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute a mixture of substance containing methamphetamine and a mixture or substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1), as set forth in Count 1 of this indictment, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about June 1, 2023, in Laurel County, in the Eastern District of Kentucky,

### KHALIL MIKIEAL WASHINGTON

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before Defendant Khalil Mikieal Washington committed the offense charged in this count, he was previously convicted under federal law of the following serious drug felony offense: 2017 conspiracy to distribute 28 grams or more of a mixture or substance

containing a detectable amount of cocaine base (crack) – for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years from the commencement of the instant offense.

## COUNT 4
### 21 U.S.C. § 841(a)(1)

On or about November 30, 2023, in Fayette County, in the Eastern District of Kentucky,

**KHALIL MIKIEAL WASHINGTON**

did knowingly and intentionally distribute a quantity of pills containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
### 21 U.S.C. § 841(a)(1)

On or about January 17, 2024, in Fayette County, in the Eastern District of Kentucky,

**KHALIL MIKIEAL WASHINGTON**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
### 21 U.S.C. § 841(a)(1)

On or about January 23, 2024, in Fayette County, in the Eastern District of Kentucky,

**KHALIL MIKIEAL WASHINGTON**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
### 18 U.S.C. § 924(c)

On or about January 23, 2024, in Fayette County, in the Eastern District of Kentucky,

**KHALIL MIKIEAL WASHINGTON**

did knowingly use and carry and brandish a firearm during and in relation to a drug trafficking offense for which he may be prosecuted in a court of the United States, that is, distribution of a mixture or substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1), as set forth in Count 6 of this indictment, all in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT 8
### 21 U.S.C. § 841(a)(1)

On or about January 24, 2024, in Fayette County, in the Eastern District of Kentucky,

**KHALIL MIKIEAL WASHINGTON**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offenses alleged in Counts 1, 3 through 6 and 8 of the Indictment, **KHALIL MIKIEAL WASHINGTON** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation(s) of 21 U.S.C. § 841(a)(1) and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violation(s) of 21 U.S.C. § 841(a)(1). Any and all interest that **KHALIL MIKIEAL WASHINGTON** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 2 and 7 of the Indictment, **KHALIL MIKIEAL WASHINGTON** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. Any and all interest that **KHALIL MIKIEAL WASHINGTON** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**FIRARMS AND AMMUNITON:**

a. a Smith & Wesson, Model M&P Shield, 9mm caliber pistol, SN: NHH7099, seized from Khalil Mikieal Washington on or about April 4, 2023;

b. a Beretta, Model Px4 Storm, 9mm caliber pistol, SN: PZ28638, seized from Khalil Mikieal Washington on or about June 1, 2023; and

c. all associated ammunition and accessories.

A TRUE BILL

███████████████████
FOREPERSON

_____
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

### COUNT 1:

**500 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE:** Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years of supervised release.

> **IF PRIOR CONVICTION FOR A SERIOUS DRUG OR VIOLENT FELONY OFFENSE:** Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

> **IF TWO OR MORE PRIOR CONVICTIONS FOR A SERIOUS DRUG OR VIOLENT FELONY OFFENSE:** Not less than 25 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

**A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF FENTANYL:** Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years of supervised release.

> **IF PRIOR FELONY DRUG CONVICTION:** not more than 30 years imprisonment, nor more than a $2,000,000 fine, and at least 6 years supervised release.

### COUNT 3:

Not less than 5 years nor more than 40 years imprisonment, nor more than a $5,000,000 fine, and at least 4 years of supervised release.

> **IF PRIOR CONVICTION FOR A SERIOUS DRUG OR VIOLENT FELONY OFFENSE:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNTS 4, 5, 6, and 8:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years of supervised release.

> **IF PRIOR FELONY DRUG CONVICTION:** not more than 30 years imprisonment, nor more than a $2,000,000 fine, and at least 6 years supervised release.

## COUNTS 2 and 7:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

> **IF FIREARM WAS BRANDISHED:** Not less than 7 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**PLUS:**     Forfeiture of listed assets.

**PLUS:**     Mandatory special assessment of $100 per count.

**PLUS:**     Restitution, if applicable.